IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Pamela Trout,                            ) | C/A No. 0:20-4286-PJG |
|                                                    ) | |
|                            Plaintiff,       ) | |
|                                                    ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v.                                               ) | **FROM THE SOCIAL SECURITY** |
|                                                    ) | **ADMINISTRATION'S DENIAL OF** |
| Kilolo Kijakazi, Acting Commissioner of the ) | **SOCIAL SECURITY BENEFITS** |
| Social Security Administration,[1]   ) | |
|                                                    ) | ☒ Affirmed |
|                            Defendant.   ) | ☐ Reversed and Remanded |
|                                                    ) | |

  This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☐  Supplemental Security Income ("SSI"): Plaintiff's age at filing:

☒  Disability Insurance Benefits ("DIB"): Date last insured: September 30, 2020

☐  Other:

Application date: June 6, 2018

Plaintiff's Year of Birth: 1954

Plaintiff's alleged onset date: May 8, 2018

**Part II—Social Security Disability Generally**

  Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

  A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi is substituted as the named defendant because she recently became the Acting Commissioner of Social Security.

capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  December 31, 2019

In applying the requisite five-step sequential process, the ALJ found:

| | |
|---|---|
| Step 1: | Plaintiff was engaged in substantial gainful activity during the relevant time period:<br>☐ Yes ☒ No |
| Step 2: | ☒ Plaintiff has the following severe impairments:<br><br>[S]tatus post total left knee replacement; status post total right knee replacement; lumbago; cervical spine disorder; migraines; obesity.<br><br>☐ Plaintiff does not have a severe impairment. |
| Step 3: | ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing. 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Plaintiff's Residual Functional Capacity is as follows:<br><br>[T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except as follows: occasionally climb ramps, stairs, ropes, ladders, scaffolds and crouch; frequently balance, stoop, kneel, and crawl; avoid concentrated exposure to noise and hazards such as unprotected heights and dangerous moving machinery.<br><br>☐ Plaintiff could return to his/her past relevant work. |
| Step 5: | ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled. 20 C.F.R. Pt. 404, Subpt. P, App'x 2.<br><br>☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:<br><br>(1) Appointment Clerk/Scheduler, DOT# 237.367-010 (sedentary, SVP 3), with approximately 63,000 jobs in the national economy;<br>(2) Order Clerk, Beauty Supply Industry, DOT# 249.362-026 (sedentary, SVP 4), with approximately 105,000 jobs in the national economy; and<br>(3) Customer Service Clerk, DOT# 239.362-014 (sedentary, SVP 5), with approximately 90,000 jobs in the national economy. |

Date of Appeals Council decision:  October 23, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also

42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

    I.    Did the ALJ commit reversible error at Step Five of the sequential process in failing to identify and rectify conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles?

    II.    Did the ALJ commit reversible error by failing to properly assess Plaintiff's credibility and by failin[g] to include all necessary restrictions in Plaintiff's RFC?

(Pl.'s Br., ECF No. 22.)

**Oral Argument:**

    ☐ **Held on** _____.

    ☒ **Not necessary for disposition.**

**Summary of Reasons**

**A.**    **Vocational Expert Testimony**

As part of the ALJ's duty at Step Five of the sequential process, the ALJ must resolve any apparent conflicts between a vocational expert's testimony and the Dictionary of Occupational Titles ("DOT"). See Pearson v. Colvin, 810 F.3d 204, 208-11 (4th Cir. 2015); SSR 00-04p, 2000 WL 1898704. The United States Court of Appeals for the Fourth Circuit explained that

> [a]n ALJ cannot rely unquestioningly on a VE's testimony. Rather, an ALJ must ensure that any "apparent" conflicts between the Dictionary and the VE's testimony are reasonably resolved. SSR 00-4P, 2000 WL 1898704 at *2. To that end, the ALJ must ask the VE whether his or her testimony conflicts with the DOT. If the answer is "yes," the ALJ "must elicit a reasonable explanation for the conflict before relying on" the testimony. Id. But even if the VE answers "no," the ALJ

> has an affirmative "duty to make an independent identification of apparent conflicts." Pearson v. Colvin, 810 F.3d 204, 210 (4th Cir. 2015). This means that the ALJ must recognize and resolve ways in which a VE's testimony "seems to, but does not necessarily," conflict with the "express language" of the DOT—even if the conflict is not "obvious." Id. at 209.

Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019).

Plaintiff argues that an apparent conflict exists between the limitations that Plaintiff must "avoid concentrated exposure to noise and hazards such as unprotected heights and dangerous moving machinery" and the descriptions contained in the DOT and its companion publications of the jobs identified by the vocational expert. Specifically, Plaintiff argues that the format of the ALJ's limitations, avoiding *concentrated exposure*, "are not quantified in vocational terms used in the DOT and its companion publications, and therefore any answer given will be unverifiable by a subsequent reader of the decision." (Pl.'s Br. at 5, ECF No. 22 at 5.) Plaintiff points out that in the DOT companion source, Selected Characteristics of Occupations ("SCO"), noise restrictions are listed as "very quiet, quiet, moderate, loud, and very loud" and unprotected heights and dangerous moving machinery are classified as "not present, occasionally, frequently, and constantly."[2] (Id.)

As an initial matter, Plaintiff does not point to any authority supporting her position that the format of the ALJ's limitations amounts to an apparent, unresolved conflict that requires remand. Moreover, as to Plaintiff's exposure to hazards, at least one court in this circuit has rejected such an argument, finding that the plaintiff's argument conflated "a term used to describe the *frequency* of exposure to a condition ([such as] occasional) with a term rating the *intensity* of the exposure (concentrated)." Ilioff v. Saul, No. 1:19CV1226, 2021 WL 848204, at *8 (M.D.N.C.

---

[2] However, Plaintiff does not present any argument that she would not be able to perform the jobs identified if the ALJ specified the limitations differently.

Mar. 5, 2021). Even if that were not the case, here, the jobs identified by the vocational expert indicate that hazards are "not present" and therefore, Plaintiff cannot demonstrate an apparent, unresolved conflict as to that limitation. See DOT #237.367-010, 1991 WL 672185 (appointment clerk); DOT #249.362-026, 1991 WL 672320 (order clerk); DOT #239.362-014, 1991 WL 672224, (customer service representative).

As to noise restrictions, the DOT indicates that an appointment clerk has a level 2 quiet noise restriction and an order clerk and customer service representative have a level 3 moderate noise restriction. Id. In the SCO, "quiet" is illustrated as "library; many private offices; funeral reception; golf course; art museum" and "moderate" is illustrated as "business office where typewriters are used; department store; grocery store; light traffic; fast food restaurant at off-hours." As stated above, Plaintiff argues that since the ALJ used terminology that differs from the SCO in the noise restriction, remand is required. However, Plaintiff has directed the court to no authority requiring remand in these circumstances. Further, the court observes that although at least one court has found that jobs involving "loud" noises despite a limitation to avoid concentrated exposure to noise could present a conflict, it did not reach a similar conclusion with regard to quiet noise levels or even moderate noise levels. See Brecheen v. Saul, No. 8:18-CV-2002-T-AEP, 2019 WL 4051973, at *4 (M.D. Fla. Aug. 28, 2019).

Based on the foregoing, the court finds that Plaintiff has failed to demonstrate the existence of an *apparent unresolved conflict* between the vocational expert's testimony and the DOT.

**B.     Subjective Complaints**

Plaintiff argues that the ALJ did not properly evaluate her testimony at the hearing regarding her migraines. With regard to subjective complaints, the United States Court of Appeals for the Fourth Circuit has stated that "the determination of whether a person is disabled by pain or

other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). The first step requires there to "be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Id. (internal quotation omitted). During the second step, the ALJ must expressly consider "the intensity and persistence of the claimant's [symptom] and the extent to which it affects her ability to work." Id. In making these determinations, the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." SSR 16-3p, 2017 WL 5180304, at *10. ALJs are further instructed to

> limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments. In evaluating an individual's symptoms, our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

Id. at *11.

Further, "claims of disabling [symptoms] may not be rejected '*solely* because the available objective evidence does not substantiate [the claimant's] statements' as to the severity and persistence of her [symptoms]." Craig, 76 F.3d at 595 (citations omitted); see also Arakas v. Comm'r, 983 F.3d 83, 95-96 (4th Cir. 2020) (finding that the ALJ disregarded "longstanding precedent and the agency's own policy by improperly discounting Arakas's subjective complaints

of pain and fatigue, based largely on the lack of objective evidence substantiating her statements"). "This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's [symptoms] and the extent to which it impairs [her] ability to work." Craig, 76 F.3d at 595. A claimant's subjective complaints "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the [symptoms] the claimant alleges she suffers." Id. The social security regulations inform claimants that in evaluating subjective complaints, the Commissioner will consider the following relevant factors:

(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

The ALJ summarized Plaintiff's allegations as follows:

In this case, the claimant alleges and testifies to the following symptoms and limitations: she has constant pain in all of her joints/muscles, made worse by activity or movement. Ex. 4E/1. In addition, she has low back pain that radiates down her lower extremities, and struggles to stand or sit for more than 30 minutes. She is constantly dizzy or nauseous. Ex. 4E/1. The claimant does not do any lifting, and does very little shopping. Ex. 4E/1. She can wash dishes and fold laundry, but does not do heavier chores such as vacuuming, mopping, or cleaning a bathroom. She elevates her legs daily. The claimant cannot walk more than a quarter mile and cannot climb more than four steps without stopping, but does not use an assistive device. Ex. 4E/2. She has difficulty typing or with buttons/zippers, and cannot lift

> more than 10 pounds. Ex. 4E/2. She struggles to bend over or turn her head. Ex. 4E/2. The claimant also gets approximately five migraines per month, which last all day. She has neck pain that radiates down into her shoulders.

(Tr. 21.) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limiting effects of her symptoms are inconsistent with the medical evidence and other evidence." (Id.) The ALJ found numerous records, findings, and reports to be inconsistent with the severity of Plaintiff's symptoms, as alleged. With regard to Plaintiff's migraines (which the ALJ addressed in conjunction with Plaintiff's neck issues), the ALJ found that the following were inconsistent with Plaintiff's debilitating complaints:

> Concerning her neck issues and related headaches, the claimant gets migraines intermittently, with blurred vision, nausea, phono and photophobia, and vomiting. Ex. 2F/6. However, she did get relief with Imitrex. Ex. 2F/6. Further, her headaches do not appear to be occurring more frequently as the medical evidence moves into the relevant period. See ex. 2F/6; 7F/4. As of 2019, her migraines are well controlled with propranolol, and she was still using Imitrex as needed. Ex. 10F/1-2. The claimant does have mild to moderate degenerative changes in the cervical spine, namely moderate neural foraminal narrowing at C3-4 and C6-7, with mild central canal stenosis at C3-4 and C5-6. Ex. 4F/15. This certainly contributes to her complaints of neck pain (see generally ex. 4F), and likely contributes to her migraines. Brain imaging also shows some enlarged perivascular spaces and increased FLAIR signal (Ex. 5F/8), which may contribute to her migraines as well.
>
> In March 2018, the claimant underwent a facet injection in the cervical spine, which provide a 60% reduction in her pain. Ex. 4F/8, 12-13. Though she exhibits some tenderness to palpation and positive facet loading, strength and range of motion are normal in the upper extremities, and a Spurling's test is negative. Ex. 4F/6, 11. An August 2018 pain management consult does not[e] a mildly positive Spurling's test, as well as decreased range of motion and tenderness to palpation. Ex. 6F/7. However, subsequent Spurling's testing is negative. Ex. 8F/2. Corresponding August 2018 imaging shows severe disc degeneration at C6-7, but mild degenerative changes elsewhere in the cervical spine, and no disc herniation noted. Ex. 5F/6-7. Once again, the RFC's above-claimant was limited to lifting 10 pounds frequently, 10 pounds occasionally standing and walking two of eight hours and sitting six of eight hours.

(Tr. 23-24.) The ALJ then considered and weighed the opinions of Plaintiff's physical therapist and the state agency physicians. Pertinent here, the ALJ found persuasive the state agency

Page 8 of 10

opinions that Plaintiff is limited to no concentrated exposure to noise or hazards persuasive as they were consistent with Plaintiff's history of migraines and complaints of neck pain. (Tr. 23.) In conclusion, the ALJ found that "[r]estrictions regarding noise and hazards were imposed based on the combined effects of all of the claimant's impairments particularly migraines." (Tr. 24.)

Plaintiff argues that the ALJ erred in evaluating her subjective complaints regarding her migraines by failing to explain his apparent determination that she is no longer suffering from migraine headaches. However, the ALJ's decision does not support this interpretation. Contrary to Plaintiff's argument, the ALJ's decision reflects that he considered her migraines and provided specific limitations to account for them. The ALJ simply found that the objective records did not support the level of severity alleged by Plaintiff and that further limitations were not warranted.[3] In fact, as specifically observed by the ALJ, Plaintiff's migraines were well-controlled as of 2019. (Tr. 373) (stating Plaintiff "was having upwards of 3 per week and now has hardly any [migraines]").

Accordingly, careful review of the ALJ's decision as a whole and the record reveals that the ALJ specifically considered Plaintiff's subjective reports and testimony and discussed the medical records and opinion evidence. Further, the ALJ applied the requisite factors and offered specific reasons and support for discounting Plaintiff's allegations of disabling limitations in accordance with applicable law. See Craig, 76 F.3d at 589 (defining "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance" and stating that the court may not "undertake to re-weigh conflicting evidence, make credibility

---

[3] To the extent that Plaintiff argues that the ALJ failed to account for her testimony that her migraines are triggered by chemical smells (Tr. 47), Plaintiff has failed to demonstrate any harmful error from this alleged omission.

determinations, or substitute [its] judgment for that of the [Commissioner]"); <u>Blalock</u>, 483 F.2d at 775 (indicating that regardless of whether the court agrees or disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence); 20 C.F.R. § 404.1529(c)(3) (listing the factors to considering in evaluating subjective complaints); <u>see also</u> <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).  Based on the foregoing, Plaintiff has failed to demonstrate that the ALJ's evaluation of her subjective complaints was unsupported by substantial evidence or controlled by an error of law.

## ORDER

**It is hereby ORDERED that the Commissioner's decision is:**

☒ **Affirmed.  Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order.**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
February 23, 2022                    Paige J. Gossett
Columbia, South Carolina             UNITED STATES MAGISTRATE JUDGE